# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-50050
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TOMAS GAUSIN-CENISEROS, also known as Tomas Garcin-Ceniceros

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1490-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Tomas Gausin-Ceniseros having pleaded guilty to one count of illegal reentry following deportation, the district court sentenced him, pursuant to 8 U.S.C. § 1326(b), to 120 months in prison.

In claiming the sentence is unreasonable, Gausin contends: his previous crimes were accounted for by the Sentencing Guidelines; and the sentence imposed by the district court, which represents an upward deviation from the 77-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

96 month advisory guideline range, was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

The district court gave fact-specific reasons, consistent with the factors set forth in § 3553(a), for its determination that a sentence above the advisory guideline range was warranted. The court's comments establish it: was aware of the correctly calculated guideline range; and took into consideration the abuse Gausin suffered as a child. On the other hand, the district court determined Gausin had continued to commit violent offenses after receiving lenient treatment in the past, and there was a need to impress upon Gausin the seriousness of his offense and to protect society and Gausin's family from further criminal conduct. The record does not establish the district court failed to account for a factor that should have received great weight, gave significant weight to an irrelevant factor, or committed a clear error of judgment in balancing the sentencing factors. See, e.g., United States v. Smith, 440 F.3d 704, 707-09 (5th Cir. 2006). Accordingly, Gausin has failed to show the sentence is unreasonable.

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Gausin challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than elements of the offense that must be found by a jury. This court has held this issue is "fully foreclosed from further debate". United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.